## THOMAS B. TOWNSEND *versus* DANIEL NEWELL.

The manufacturer of goods has a lien for the price of manufacturing them.

Where goods in the possession of a party who had a lien on them were attached, and he receipted for them to the officer, under an agreement that he should continue to retain for his lien; and afterwards they were attached at his own suit, and he receipted for them, still asserting his lien, it was *held* that the lien was not discharged.

These attachments having been made on writs against a person who was not the owner of the goods, and the general owner having brought replevin against the attaching officer, it was *held*, that although the attachments were void and the defendant could not justify as an officer, he might nevertheless defend the detention of the goods as the servant of the party having the lien.

In such action of replevin the defendant was permitted to prove by parol evidence, that the goods were attached by him subject to the lien, although no mention of the lien was made in the receipts taken by him nor in his returns.

REPLEVIN, to recover a quantity of satinets, alleged to have been taken, attached and detained by the defendant, a deputy sheriff, at the manufactory of Willard Rice. The cause was tried before *Morton* J.

The defendant pleaded, 1. the general issue; and 2. that the property was in John Townsend. To this second plea the plaintiff replied property in himself, and issue was joined thereon. On these two issues the jury found in favor of the plaintiff.

The defendant pleaded, 3. that Rice had, previously to the supposed taking, performed divers labors and furnished divers materials in and about the manufacturing of the goods, and had thereby acquired a lien thereon as a manufacturer, and that the defendant, at the time of the supposed taking, and at the time of the service of the writ of replevin, had possession of the goods at the manufactory, as the servant of Rice and on his account.

The plaintiff replied, denying the performance of the labor and the furnishing of materials by Rice, and issue was joined thereon

Under the third plea, the plaintiff having offered a writ against John Townsend, in favor of one Charles, whereon was a general return of an attachment by the defendant, made May 4, 1832, of the satinets, the defendant offered evidence, which was objected to by the plaintiff, that at the time of the attachment, Rice, who had performed labor and furnished materials in the manufacture of the satinets, ·claimed to hold the same until his demand for materials and manufacturing should be paid, and refused to have the goods taken from his possession until his lien should be discharged ; that it was then agreed between Rice, and the defendant, and the attaching creditor, that Rice should receipt to the defendant for the goods, and that he should go on and complete the manufacture of the cloths and retain them until the question of his right of lien upon them could be satisfactorily settled ; and that Rice accordingly gave a receipt to the defendant, in the usual form of a receipt to an attaching officer, and finished the goods and had them in his custody when the writ of replevin was served.

It appeared that John Townsend was indebted to Rice to the amount of about $150, for manufacturing other cloths than those replevied, and that Rice sued out a writ against him, upon which the defendant attached the same satinets immediately after the writ in favor of Charles was served. The general claim in Rice's writ was large enough to cover all the demands which he had against John Townsend, including that for manufacturing the satinets in controversy.

It was testified by a witness offered by the defendant, that at the time when Rice went to procure his writ, he spoke of John Townsend's owing him for work done previously to the manufacturing of the satinets. This testimony was objected to by the plaintiff. No other evidence was offered, as to what claim Rice intended to include in his writ.

It was proved, that when the plaintiff came to replevy the goods, Rice forbid his taking them, because he had a claim upon them and had a right to retain them.

John Townsend, who was called as a witness by the plaintiff, testified that he received from the plaintiff the wool from which the goods replevied were manufactured ; that he contracted with Rice to manufacture satinets at a certain price per

yard, previously to his receiving the wool ; that when the plain-tiff furnished him with the wool, it was under a contract that he, the witness, should get it manufactured at a certain price per yard ; and that he disclosed to the plaintiff, that he had made a contract to have it manufactured accordingly.

The jury, under the direction of the court, found that Rice did perform labor and furnish materials in manufacturing the satinets, as alleged in the third plea.

If the evidence offered by the defendant and objected to by the plaintiff was properly admitted, the verdict was to stand and a judgment of return to be rendered for the defendant ; otherwise &c.

*Oct. 4th.*     *Barton* for the plaintiff. If in this country a manufacturer has a lien on the goods for the price of manufacturing them, yet where he secures himself by an express contract for the price, the law will not aid him by a lien, but he must resort to his contract for payment. 2 Dane's Abr. 264. Consequently Rice had no lien on the goods replevied.

But if he once had a lien, it was dissolved by the attachments. In the suit of Charles, he became the receipter for the goods ; so that the defendant could not take them as the servant of Rice, but on the contrary, Rice received them as the servant of the defendant. Evidence that Rice continued to hold by virtue of his lien, with the defendant's assent, was inadmissible, because it contradicted the receipt given by him to the defendant. Further, Rice attached the goods on his own writ, and thus waived his lien. His writ must have included both of his demands, and he elected to look for his remedy to the general property of the debtor, instead of trusting to his lien.

Any evidence showing that the goods remained in the hands of Rice under the lien, was inadmissible, as it contradicted the officer's return, which sets forth generally an attachment of the goods as the property of John Townsend. The officer might have returned an attachment subject to the lien, if this had been intended ; for the *St.* 1829, *c.* 124, provides expressly for such an attachment.

*J. Davis* and *Washburn, contrà.* The defendant resists this suit as the servant of Rice ; if Rice himself had no right to

detain the goods, the defence fails ; otherwise it is valid. The special agreement, as it merely fixed the price of manufacturing the goods, without giving a credit, did not prevent the accruing of a lien. *Chase* v. *Westmore,* 5 Maule & Selw. 183 ; 2 Kent's Comm. (1st edit.) 497 ; Yelv. (Metcalf's edit.) 67 *b*, 67 *f.* Rice therefore had a special property, and the goods were not subject to be replevied out of his hands, except upon payment of the price of manufacturing them. *Wheeler* v. *Train,* 3 Pick. 255. He has not waived his lien, unless that result follows by construction, from the service of the writs and the transactions between him and the officer. But the plaintiff is a stranger to those proceedings, and as against him, Rice and the officer may explain them by parol evidence, and show that there was no intention to waive or dissolve the lien. *Fuller* v. *Holden,* 4 Mass. R. 498 ; *Tyler* v. *Ulmer,* 12 Mass. R 163 ; *St.* 1829, *c.* 124 ; *Learned* v. *Bryant,* 13 Mass. R. 224. The demand secured by the lien does not appear to be included in the writ sued out by Rice, nor could it have been, for it was not due when the writ was served, the goods not having been finished.

*Per Curiam.* Three questions have been presented in the argument of this case ; 1. Whether Rice had a lien ; 2. if he ever had, whether it has been discharged ; 3. and if not, whether the defendant can justify as his servant.

*Oct. 7th*

1. The law is well settled, that, in general, where goods are delivered to be manufactured, the manufacturer has a lien on them for his labor and expense bestowed on them ; and this is a very strong case, as Rice furnished materials, as well as labor, which constituted a large part of the value of the manufactured article. The circumstance of there being an express stipulation merely determining the price to be received by him, does not affect the lien.

2 Then was the lien dissolved ? It appears that one Charles sued out a writ against John Townsend and attached the goods, and that Rice receipted for them to the officer. But Rice claimed a special property in them at the time, and it is manifest that he did not intend to give up any right, but that he agreed to receipt, retaining his lien. We think that the lien was not discharged by these proceedings. It is

further objected, that Rice caused the goods to be attached on his own account, and again receipted for them  It seems doubtful whether his writ was designed to cover both of his demands against John Townsend ; but however this may be, it was clearly his intention to retain his lien, and we are satisfied that he did not discharge it by his attachment and receipt.

3. The only point remaining is, whether the defendant can justify retaining the goods as the servant of Rice. He was employed by Rice to attach them, but it turned out that the attachment could have no operation, because the general property was in Thomas B. Townsend, and not in John Townsend, the debtor.   The defendant therefore cannot justify as an officer, and the question is, whether Rice can treat him as his servant, though he employed him as an officer to make a void attachment ; and we are of opinion that under these circum stances the defendant may be regarded as the servant of Rice.

*Judgment on the verdict and for a return.*